The People, ex rel. S. B. Hays, Respondents, *v.* The City of Brooklyn, Appellant.

The provision of the act of 1874 amending the charter of the city of Brooklyn (§ 36, chap. 589, Laws of 1874), which confirmed all assessments for local improvements theretofore laid in said city, does not embrace invalid assessments laid without any authority or jurisdiction.

Where, therefore, an assessment was laid prior to the passage of said act, for digging down and filling in lots, in proceedings where no petition of a majority of the land-owners was presented, and where the common council did not act as a board of health; *held,* that the assessment was illegal and void, and was not validated by said act.

(Argued December 6, 1877; decided December 21, 1877.)

Appeal from judgment of the General Term of the City Court of Brooklyn, reversing the proceedings of the common council of the said city, in imposing assessments for the expense of digging down certain lots, which were brought up for review by *certiorari.*

The objection to the assessment was that no petition of the land-owners was presented for said work, nor any resolution by the board of health, or common council acting as a board of health, determining that said work was necessary.

Further facts appear in the opinion.

*William C. De Witt*, for appellant. Section 36 of the act of 1874 (chap. 589), cannot be confined to assessments *de jure*, or to such as were at the time of its passage regular and valid; it refers to assessments *de facto*. (*Howell* v. *City of Buffalo*, 37 N. Y., 267.)

*Sidney V. Lowell*, 'for respondents. The act of 1874 (chap. 589, § 36), did not make the assessment in question valid. (*In re Kiernan*, 3 Hun, 623; *In re Read*, City Ct. of B'lyn.)

Miller, J. The proceedings to assess the real estate of the relators were not conducted in accordance with the pro-

visions of the statutes relating to the subject. The return to the *certiorari* shows that no petition was presented, and that the common council did not act as a board of health in relation thereto, as the law requires in imposing an assessment of this character. The assessments were therefore invalid, and without the authority of law for want of jurisdiction. This is conceded, but it is urged that the validity of the assessment is confirmed and established by virtue of a provision in chapter 589, Session Laws of 1874, section 36, of the amended charter of the city of Brooklyn, which is as follows: " All assessments heretofore laid in said city for any local improvement are hereby confirmed, and the amount of the same is hereby levied as a tax on the several pieces or parcels of land on which the same has been heretofore assessed and apportioned, but the proceedings for collecting the same shall not be in any manner affected by this act." Conceding the power of the Legislature to confirm and make valid illegal assessments, and that such a provision may properly be inserted in a city charter, the question arises, whether the section cited embraces assessments which have been laid without any authority or jurisdiction of the common council. I think that the enactment referred to does not include, and was not intended to cover, cases where the assessment was entirely invalid and made in violation of a positive law applicable to such proceedings. The act in question contained various amendments of the charter of the city of Brooklyn, and was comprised of thirty-seven sections. The thirty-sixth section, of which the provisions cited constituted a part, contained an enactment in regard to the proceedings to be taken when the assessment exceeds the amount limited by law, and it declared that in any unconfirmed assessment, when the amount assessed, or that would be assessed, exceeds the amount limited by law, that additional assessments might be made by the board of assessors, and the manner in which this might be done, and also for the deduction of assessments, when the assessments exceeded the amount limited by law, in proportion to the value of the land to be assessed.

It also provided that the common council might confirm the assessments so reduced, and provide for the deficiency caused by said reduction, by directing the proper authorities to place an amount equal to such deficiency in the annual tax levy. It then concluded with the provision before cited, which evidently intended to refer, at least in part, to what had preceded it in the same section. In an enactment relating to the subject of assessments, which provided for increasing or the making of additional assessments, and the reduction of others, there might be some ground for apprehension that those already laid might be interfered with, and to guard against such a difficulty the provision cited may have been very properly inserted. It might also have been intended to prevent any question as to the validity of other assessments not provided for in said section. It evidently, we think, was designed to cover cases only where lawful assessments had already been made, or proceedings were in progress in regard to the same. It clearly did not include invalid, unlawful assessments, laid without any jurisdiction, and which could not be enforced according to law. Conceding that the power existed in the Legislature to legalize assessments, the language of the section cited is too loose and indefinite to include assessments which are clearly invalid from the commencement of the proceedings, and which are laid without regard to the city charter, and in direct violation of its provisions. When the enactment speaks of "all assessments heretofore laid," it evidently does not relate to proceedings which are void on their face, and have no foundation whatever to rest upon. It would be going very far to hold that when no preliminary steps had been taken by the proper authorities as the law requires for the purpose of imposing an assessment, that such a proceeding could be confirmed and rendered valid and effectual as an assessment by an enactment so indefinite and uncertain. We are not called upon to determine in this case how far the legislative power may be invoked and exercised to remedy irregular and defective proceedings in the assessment of real estate,

and it is quite sufficient to say that, so far as this case is concerned, there was no jurisdiction whatever, and for that reason the proceeding cannot stand.

The learned counsel for the appellant insists that the language employed clearly refers to assessments *de facto* as well as assessments *de jure* It is not apparent how the alleged assessment, which is absolutely void and of no effect whatever, for want of jurisdiction in the authorities who illegally attempted to impose it, can in any sense be considered as a *de facto* assessment. It is not in truth an assessment in any respect. Cannot be enforced or collected as such in any lawful manner, and does not possess a single element of life or vitality. It utterly fails for want of jurisdiction, and cannot be upheld upon any legal ground.

The question made as to the constitutionality of the act upon the ground that it embraces more than one subject, and only one is expressed in the title, is not free from embarrassment; as, however, the order appealed from can be sustained upon the ground already discussed, it is unnecessary to consider that point.

The judgment should be affirmed.

All concur.

Judgment affirmed.