Barnard, P. J.
The petition of a majority of the land-owners fronting on. the street was a prerequisite to the power of the trustees to lay the assessment for the proposed improvement. This essential fact was lacking. There was no other material defect. The whole work need not to be done at once, and the proceedings before making the order substantially complied with chapter 248, Laws 1883, tit. 4, § 3. The trustees met on the ground, in accordance with the statute. The assessment roll was made out and filed. The signature by the clerk is sufficient, in the absence of proof, that the signing was unauthorized by the trustees. The notice for those assessed to appear and make objection was in accordance with the charter. To meet the main, and I think only, defect,—the lack of the assent of the majority of the landowners,—the legislature passed chapter 213, Laws 1888, by which the assessment was ratified and confirmed with the same force as if the improvement had been applied for by a majority of the owners. • The sole question, therefore, is whether the tax could be made good by the legislature. It seems plain that it can be so ratified. The legislature can lay a tax without the consent of the property owners. A similar act, validating a tax void for the same reason as existed in the present case, was held good by the court of" appeals. In re Van Antwerp, 56 N. Y. 261. The land-owners were heard in the usual way, so that the special act does not take property without notice, and an opportunity to object. When there is municipal jurisdiction of the subject, and the defects are in the exercise of the power, it is a subject within legislative discretion. Tifft v. City of Buffalo, 82 N. Y. 204. The case of Stuart v. Palmer, 74 N. Y. 184, was based upon the fact that the town in question gave no right to the tax-payer to be heard. Remsen v. Wheeler, 105 N. Y. 573, 12 N. E. Rep. 564, was decided upon the same fact. In Jex v. Mayor, 103 N. Y. 536, 9 N. E. Rep. 39, it was decided that a void assessment, unreversed, was no defense to an action to recover back money paid under it. In Hays v. City of Brooklyn, 71 N. Y. 495, it was decided that a void assessment, “made without authority or jurisdiction of the common council,” could not, under general words confirming assessments, be considered included in the terms of the act. The title to the ratifying act was good. It is stated in the title that it is passed “to ratify and confirm certain proceedings of the board of trustees of the village of Flushing. ” Such a title is held good in Tifft v. City of Buffalo, 82 N. Y. 204. The tax in respect to interest is of the date of its imposition. The judgment should be affirmed, with costs.
Same opinion on appeal of William A. Smith from same record, by stipulation.
Pratt and Dykman, JJ., concur.