THE PEOPLE ex rel. ELLEN NOSTRAND, Respondent, *v.* THOMAS WILSON et al., Assessors, etc., Appellants.

119 515
142 278

Under the provisions of the charter of the city of Brooklyn (Tit. 18, §§ 4, 5, Chap. 863 Laws of 1873), making it the duty of the common council before ordering the grading or paving of a street " to lay out a district of assessment," and to cause a map to be made, designating the lots and parcels of land to be assessed for the improvement, and providing that the assessment shall be confined to said district, when a lot outside of the district is included in the assessment by mistake, the error is to be regarded as a clerical one, and so is included in the provision of the charter (Tit. 10, § 10) making it the duty of the board of assessors to rectify errors committed in assessments in certain cases, and among others " when the error is entirely clerical."

Mandamus is a proper remedy to compel the performance of this duty.

When an order has been made granting the writ, the fact that it does not affirmatively appear that the relator, before the commencement of the proceedings, applied to the board to correct the mistake, is not a jurisdictional defect, requiring the reversal of the order.

Upon an application for a mandamus to compel the correction of such an assessment, it appeared that the board of assessors included by mistake, in an assessment for repaving, a lot of the relator outside of the district of assessment, and that the collector was proceeding to collect the same by levying on the relator's property. *Held,* the collector was properly joined as a party in the proceeding.

It was claimed that no remedy was open to the relator for the reason that the assessment had been confirmed by the common council, and that an assessment so confirmed is declared by the charter (Tit. 18, § 36) to be " final and conclusive." *Held,* untenable; that this provision did not apply to a case where the assessment is without jurisdiction and so void.

(Submitted February 24, 1890 ; decided March, 11 1890.)

APPEAL from order of the General Term of the City Court of Brooklyn, made November 25, 1889, which affirmed an order of Special Term directing a peremptory writ of mandamus to issue.

The relator was the owner of a lot in the city of Brooklyn which it was alleged and not denied was by mistake included in an assessment for repaving, being outside of the district fixed by the common council for the assessment of the

expense of said improvement. Upon the collector proceed-
ing to enforce the assessment by levying on the relator's
property, the latter instituted this proceeding, making said
collector a party, to compel the assessors to strike out the
assessment and the tax against his lot and to restrain the
collection thereof. The petition alleged that the lot was
included in the assessment by mistake.

Further facts are stated in the opinion.

*Almet F. Jenks* and *William T. Gilbert* for appellants.
No duty has been cast by law upon the board of assessors to
correct the assessment in question by striking therefrom the
assessment upon relator's lot. (Laws of 1873, chap. 862; *Her-
mance* v. *Bd. of Super.*, 71 N. Y. 481, 486; Laws of 1869,
chap. 85; Laws of 1871, chap. 695.) To entitle relator to a
writ of mandamus he must show himself legally and equit-
ably entitled to some right properly the subject of the writ,
and that it was legally demanded from the person to whom
the writ must be directed. (*People ex rel.* v. *Clark, etc.*, 3
Abb. Pr. 309, 320; *People ex rel.* v. *Canal Appraisers*, 73
N. Y. 443, 447; Laws of 1873, chap. 862, § 34; *People ex rel*
v. *Hoyt*, 66 N. Y. 656; *People ex rel.* v. *Gerow*, Id. 606.)
The confirmation of said assessment by the common council
was final and conclusive, and the assessment cannot now be
attacked. (*In re Kiernan*, 62 N. Y. 457; *In re Sharp*, 56
id. 257; *Litchfield* v. *Vernon*, 41 id. 123; *In re Central
Park*, 50 id. 493, 496; *Barhyte* v. *Shepherd*, 35 id. 238;
*Matter of Brady*, 69 id. 215, 219; *Matter of Parks.* 73 id.
560, 565.)

*Sidney V. Lowell* for respondent. No appeal lies in the
matter, because it is from a judgment, and the matter in con-
troversy is less than $500. (Code, § 191; *People ex rel.* v.
*Willard*, 18 N. Y. S. R. 604; *Roger* v. *Sandy Hill*, 94 N. Y.
638.) The writ is properly directed to the board of assessors
and the collector of taxes and assessments. (Laws of 1888,
chap. 583, pp. 46, 47, 69; *People ex rel.* v. *Brooklyn*, 71 N. Y.

495.)  The points made by appellants that the city of Brooklyn had advanced the amount of the assessment and would lose the $200 sought to be imposed on relators which it should have assessed on other land, and that the relator should have been compelled to take some other proceeding than mandamus, are not tenable.  (Laws of 1888, chap. 583, § 15; *People* v. *Assessors,* 44 Barb. 148; *Barhyte* v. *Shepherd,* 35 N.Y. 255; *People* v. *Olmstead,* 45 Barb. 644; *People* v. *Super.,* 4 Hill, 20; *Clementi* v. *Jackson,* 92 N. Y. 591; *Cooper* v. *Register of Arrears,* 114 id. 19; *People* v. *Super.,* 70 id. 229; *People* v. *Super.,* 85 id. 612; *People* v. *Super.,* 51 id. 401.)

*Per Curiam.*  There was no denial of the facts stated by the relator in the affidavit upon which the motion for the mandamus was based.  The defendants opposed the granting of the writ, without putting in issue any of the facts alleged in the affidavit, nor does it appear what objections were interposed.  The most favorable view for the defendants, is to treat the proceeding on their part as in the nature of a demurrer, raising the question whether the facts stated in the moving affidavit were sufficient in law to entitle the relator to the relief sought.  (*People ex rel.* v. *Board of Apportionment,* 64 N. Y. 627.)  It appears from the uncontradicted facts that the board of assessors by mistake included in their assessment list the lot of the relator which was not within the district of assessment fixed by the common council for the assessment of the expense of the improvement in question, and was not liable to assessment therefor, and that the collector of taxes was proceeding to collect the assessment by levying the same on the property of the relator.

The assessment upon the facts presented was absolutely void.  By the Brooklyn charter, it is made the duty of the common council before ordering the grading or paving of a street or avenue to "lay out a district of assessment," and to cause a map to be made designating the lots and parcels of land to be assessed for the improvement, and it provides that the assessment shall be confined to the district of assessment so laid

out.  (Laws of 1873, chap. 963, tit. 18, §§ 4, 5.)  It is made the duty of the board of assessors (by necessary implication, if not by express words) to levy the assessment for a local improvement on the lands included within the assessment district.  (Tit. 10, § 3; tit. 18, § 32, *et seq.*)  The intentional inclusion by the board of assessors in the assessment list of lands not within the district of assessment, would be a violation of their duty and a wrong to the owner of the property.

By section 10, of title 10, of the act of 1873, power is conferred upon the board, and it is made their duty to rectify any errors committed in the laying of any tax and assessment in certain specified cases, and among others "where the error is entirely clerical."  Upon the admitted fact that the relator's property was inserted in the list by mistake, the error must, we think be regarded as clerical.  The admission that the plaintiff's lot was put in by mistake, naturally excludes any idea that it was inserted in the exercise of any judgment or discretion, or in pursuance of any determination that the lot was included within the district of assessment.  It does not import that the board acted upon any misconception of the law, or of their duty, but that by mere inattention, or rather without any intention, in some way in making up the list the relator's lot was inserted.  This construction is certainly justified in the absence of all explanation on the part of the defendants.

Mandamus was a proper remedy to compel the performance of the duty of correcting the error, and the collector of taxes was properly joined in the proceeding to restrain him from proceeding to collect the illegal tax.  The remedy by mandamus has been sustained in analagous cases.  (*People* v. *Assessors*, 44 Barb. 148; *People* v. *Olmsted*, 45 id. 644; *People ex rel.* v. *Supervisors*, 4 Hill, 20; *Barhyte* v. *Shepherd*, 35 N. Y. 255.)  Under the charter of Brooklyn the assessment list remains in the custody of the board of assessors.

The objection that it does not affirmatively appear that the relator had applied to the board of assessors before commencing the proceeding is not a jurisdictional defect, and the omis-

sion is not, under the circumstances, such substantial error as requires the reversal of the order.

The point that no remedy is open to the relator, for the reason that the assessment has been confirmed by the common council, and that an assessment where so confirmed is declared by the statute to be " final and conclusive" (Tit. 18, § 36), is not, we think, well taken. This provision cannot be construed as applying to a case where the assessment is utterly void and illegal, and without jurisdiction. *People ex rel.* v. *City of Brooklyn,* 71 N. Y. 495.)

The order and judgment should be affirmed.

All concur.

Order affirmed.