PEOPLE ex rel. SEGEE v. HAYES, Fire Com'r.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. MANDAMUS—APPEAL—PRESUMPTION—RECORD.
    Where, on appeal from an order denying a motion to quash an alternative mandamus, the petition on which the writ was granted was not in the record, it would be presumed that the writ was properly granted.

2. SAME—MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—EMPLOYÉS—REMOVAL—MANDAMUS—SCOPE.
    Under Code Civ. Proc. § 2075, providing that an alternative mandamus cannot be quashed on motion for any matter involving the merits, whether the appointing power was bound to give relator an opportunity to make an explanation before his removal from the position of secretary of the relief fund in the fire department in the city of New York, as provided by Greater New York Charter, Laws 1901, p. 636, c. 466, § 1543, cannot be determined on motion to quash.

3. SAME—REMEDY.
    Where an employé in the fire department of the city of New York was removed by the commissioner without giving him an opportunity to make an explanation, as required by Greater New York Charter, Laws 1901, p. 636, c. 466, § 1543, there was no proceeding in the nature of a judicial determination of the question as to whether such employé should be discharged, reviewable by certiorari, and hence mandamus was the appropriate remedy to procure his reinstatement.

Appeal from Special Term, New York County.

Mandamus by the people, on the relation of Lewis M. Segee, against Nicholas J. Hayes, as fire commissioner of the city of New York. From an order denying a motion to quash an alternative writ, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Montgomery Hare, for appellant.
Charles E. Hunter, for respondent.

INGRAHAM, J.   The relator presented a petition to the Supreme Court, which granted an alternative writ of mandamus commanding the defendant to reinstate the relator as secretary of the relief fund in the fire department of the city of New York, or show cause to the contrary thereof.   The petition upon which this writ was granted is not a part of the record, and it would be impossible for the court to pass upon the question as to whether or not the writ should have been quashed without a consideration of the petition upon which it was granted.   In the absence of such petition we must assume that the court correctly granted the writ.   A motion was subsequently made to quash the writ upon an affidavit of the fire commissioner, from which it appears that the position of secretary of the relief fund in the office of the fire commissioner in the fire department, which was held by the relator, was, on March 29, 1902, transferred by the civil service commission from Schedule B, composing the competitive class, to Schedule A, composing the exempt class; that the duties of the relator as secretary of the New York fire department relief fund were highly confidential, and in many respects of a fiduciary character, the performance of the duties of this department requiring the trust and confidence of the commissioner of the fire department; that the commissioner denied the allegations in the petition that as secretary of the relief fund the relator was a regular clerk in the fire department, or the head of a lawfully constituted bureau therein, or that his duties were of a purely clerical nature, and in no sense confidential; that on the removal of the relator on the 8th day of April, 1904, the commissioner duly appointed his successor, who has held the position ever since, and is performing all the duties thereof and receiving the salary attached thereto.   Upon this affidavit a motion was made to quash the alternative writ of mandamus, but which was denied.

The defendant bases his appeal upon the ground that, the relator holding a public office within the meaning of subdivision 1 of section 1948 of the Code of Civil Procedure, he must proceed by a writ of quo warranto, and this contention is based upon the case of McLaughlin v. Police Commissioners, 174 N. Y. 450, 67 N. E. 78. It was there held that the relator, who was a captain of police of the police force of the city of Yonkers, was a public officer, and that, where the title to a public office was in dispute, the proper method of trying it is by information in the nature of a writ of quo warranto, and not by mandamus.   Without the petition upon which the writ was granted, it would be manifestly impossible for us to determine whether or not the relator held a public office or was a mere employé protected in his position by the provisions of the charter.   From what we can gather as to his duties from the record, it would seem that he was an employé in the department, and not in any sense a public officer.   There is no such office as secretary of the relief fund in the fire department provided for by the

charter or by any act of the Legislature. The position appears to
have been created under the general provisions of the charter which
authorize the heads of the departments, with the approval of the
board of estimate and apportionment or the common council, to
appoint the necessary subordinates for the discharge of the duties
of the department. Assuming this to be his position, the question
is then presented whether the appointing power was bound to give
the relator an opportunity to make an explanation before his re-
moval, as provided by section 1543 of the charter (chapter 466, p.
636, of the Laws of 1901). That question cannot be determined
upon a motion to quash, as section 2075 of the Code of Civil Pro-
cedure provides that "an alternative writ of mandamus cannot be
quashed or set aside upon motion, for any matter involving the
merits."

The question is also presented as to the proper proceedings to
review the action of the commissioner in discharging an employé
in violation of section 1543 of the charter. We think that where a
person holding a subordinate position in a department of the city
government is discharged in violation of this provision of the
charter, without any investigation as to charges against him, or
without giving him an opportunity to make an explanation before
his removal, the proper proceeding for his reinstatement is an ap-
plication for a mandamus. There having been no proceeding by
the commissioner in the nature of a judicial determination of the
question as to whether such employé should be discharged, there is
no proceeding of a judicial nature to review, and consequently a
writ of certiorari would not lie. An employé or subordinate under
such circumstances being dismissed from his position by an unau-
thorized act of the appointing power would be entitled absolutely
to a reinstatement. Where, however, there has been a trial of
charges against such subordinate, or an investigation into the con-
duct of the subordinate upon notice to him, after which the ap-
pointing power has determined that the charges or reasons assigned
for his dismissal have been established and are sufficient to justify
a removal, then the proceeding by the appointing power has been
in the nature of a judicial determination of a question submitted to
him, and the proper proceeding to review such determination is by
a writ of certiorari. The distinction, I think, is obvious. Where
there has been no determination of a question presented for the
appointing power for a judicial determination, and the rights se-
cured to an employé have been disregarded, there is no judicial
proceeding which can be reviewed by certiorari. Where, however,
there has been such an investigation, and such charges have not
been established in a way contemplated by the provisions of the
law under which the appointment is made, there is a proceeding to
review, which can only be had by a writ of certiorari. There is
nothing in this record to show whether or not charges were made
against the relator, or whether he was given an opportunity to make
any explanation to the commissioner, and there is nothing pre-
sented which justified the court in quashing the writ.

For the reasons stated, therefore, the order appealed from should
be affirmed, with $10 costs and disbursements. All concur.