The People of the State of New York ex rel. Thomas C. Quinn, Appellant, v. John R. Voorhis et al., Composing the Board of Elections of the City of New York, Respondents.

Election Law — Borough of Manhattan — Publication of List of Registration and Polling Places in Party Newspapers — Test Prescribed by Statute in the Selection and Appointment of Such Newspapers. The Election Law (L. 1896, ch. 909, § 10, as amd. by L. 1906, ch. 259) which provides that, in the borough of Manhattan, the board of elections shall publish a list of the registration and polling places in such borough in four newspapers advocating the principles of the party polling the highest number of votes at the last preceding election for governor, and also in four other newspapers advocating the principles of the political party polling the next highest number of votes, prescribes no test, in the selection and appointment of newspapers to publish the list, except that they shall advocate the principles of such parties; the courts have no power, therefore, to grant a peremptory writ of mandamus requiring the board of elections to publish the list in four newspapers which support the candidates nominated, and the platform

adopted, at a certain convention held by one of the parties designated in the statute; and an order of the Appellate Division reversing an order of the Special Term granting such a writ, and directing that a mandamus issue requiring the board to publish the list in four newspapers which advocate the principles of such party is correct and should be affirmed.

*People ex rel. Quinn* v. *Voorhis,* 115 App. Div. 218, affirmed.

(Argued January 11, 1907; decided February 19, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 9, 1906, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the defendants to publish certain election notices in a designated class of newspapers published in the city of New York.

The facts, so far as material, are stated in the opinion.

*Otto T. Hess* and *Thomas W. Churchill* for appellant. The provisions of section 10 of the Election Law made it mandatory upon the board of elections to designate four newspapers published in the borough of Manhattan which advocated the success of the candidates of the Democratic convention at the ensuing election. (L. 1896, ch. 909 ; L. 1906, ch. 259.)

*William B. Ellison, Corporation Counsel (Arthur C. Butts, Terence Farley* and *Thomas F. Noonan* of counsel), for respondents. Section 10 of the Election Law imposed no duty upon the board of elections of the city of New York, except to publish the election notices provided for therein in newspapers which advocated the principles of the two great parties of this state. The provisions of the order appealed from legislate a new provision in section 10 of the Election Law, contrary to its plain terms and against its very spirit. (L. 1896, ch. 909 ; L. 1906, ch. 259.) The Appellate Division properly reversed the order of the Special Term, upon the ground that it was wrong to limit the board of elections in selecting newspapers to publish the election notices, under section 10 of the Election Law, to those newspapers advocating the election of the candidate of the Democratic party

for governor. (L. 1896, ch. 909 ; L. 1906, ch. 259.) The
order of the court below commanding the board of elections
to select as Democratic newspapers to publish election notices
those advocating the election of William Randolph Hearst as
the candidate of the Democratic party for governor was a
plain and palpable restriction of the discretion of said board
which it was beyond the power of the court to impose under
section 10 of the Election Law. (*People ex rel. Harris* v.
*Comrs, etc.*, 149 N. Y. 30.)

*Per Curiam.* The statute under consideration in this case
required the defendants, amongst other things, to make pub-
lication of a list of the registration and polling places desig-
nated for the borough of Manhattan "in four daily news-
papers published in the Borough of Manhattan which advo-
cate(d) the principles of the political party polling the highest
number of votes in the state at the last preceding election for
governor, and also in four daily newspapers published in the
Borough of Manhattan which advocate(d) the principles of
the political party polling the next highest number of votes
for governor at said election, one of which newspapers may
be a daily newspaper published in the German language."
(L. 1896, ch. 909, § 10, as amended by L. 1906, ch. 259.)
Under this statute it became the duty of the defendants to
designate what may be generally described as four Democratic
newspapers, and they made a purported compliance with this
requirement. The relator, claiming that the newspapers
selected did not meet the test imposed, instituted mandamus
proceedings to compel the defendants to designate the "Daily
News" as one of the four Democratic papers. Upon the
return of the application the Special Term made an order
that a peremptory writ of mandamus forthwith issue, com-
manding the defendants to publish the notice in question "in
four daily newspapers published in the Borough of Manhat-
tan which advocate the election of William Randolph Hearst
as the candidate of the Democratic party for Governor, the
said Democratic party being a political party polling the next

330    People ex rel. Quinn *v.* Voorhis.    [Feb.,

Opinion *Per Curiam.*    [Vol. 187.

highest number of votes for Governor at the last election in the State of New York, and its platform as set forth at the convention held in the city of Buffalo, State of New York, on the 26th day of September, 1906, at which. said convention William Randolph Hearst of New York was nominated for Governor and the Democratic ticket as nominated at said convention."

Upon appeal to the Appellate Division that court reversed the order of the Special Term and directed that a mandamus issue requiring the defendants to publish the notices in question " in four daily newspapers published in the Borough of Manhattan which advocate the principles of the Democratic party."

We think and hold that the order of the Special Term was clearly erroneous and that the order of the Appellate Division was correct.

The first order required the defendants to measure the availability of a newspaper by the threefold test whether it was (1) supporting a certain candidate for governor, (2) supporting a platform adopted at a certain convention, and (3) supporting the ticket as nominated at said convention. No such test was prescribed by the statute, and the Appellate Division applied the proper rule in requiring the defendants, as a board of elections, to appoint papers which advocated the principles of the Democratic party. That was the test provided by the statute. Of course, if a controversy should arise over the fact whether defendants did satisfy this test and designate papers advocating the principles of a certain party it might be pertinent, as bearing·upon and tending to the solution of the inquiry, to ascertain whether those papers did or did not support certain candidates and platforms. But that would be a matter of proof under the provisions of the statute. The rule laid down by those provisions relates to " principles."

Many other questions are argued upon this appeal and some of them seem to have been more or less considered and discussed in the court below. The answer which we have given to the particular proposition very briefly considered is sufficient to lead to an affirmance of the order appealed from, and we do not desire at this time to pass upon, or even consider, the

other questions pressed upon our attention. It will be sufficient to consider them hereafter if they arise and are presented in any case or proceeding which necessarily involves a disposition of them.

The order should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.