■ In the Matter of JOHN M. FERRERI, Petitioner, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Thruway Authority which suspended petitioner for two days without pay. On April 6, 1982, petitioner, an employee of respondent New York State Thruway Authority, was called by his supervisor to report for overtime work to assist in plowing snow when the Newburgh section of the Thruway was unexpectedly struck with a heavy snowstorm that hit the northeast on that date. Petitioner reported to work at 4:30 A.M. His regular reporting time was 7:30 A.M. At the conclusion of his day's work at 4:00 P.M., petitioner was asked to return for additional overtime work commencing at midnight. Petitioner offered to work beyond the 4:00 P.M. quitting time for "as long as he was able", but refused to return at midnight. On April 9, 1982, petitioner was charged with misconduct in that he failed to comply with instructions from his supervisor. After a hearing, the hearing officer recommended that he be suspended for two days without pay. Respondent adopted the recommendation and suspended petitioner without pay on July 13 and July 14, 1982. This transferred CPLR article 78 proceeding ensued. Resolution of the issue requires a construction of section H of article XVI of the collective bargaining agreement between petitioner's union and respondent. In relevant part, section H states that respondent shall establish a list of qualified employees in order of seniority, and overtime opportunities will be offered to such employees in list order before being offered to other employees. Significantly, section H provides that being unavailable or refusing an overtime opportunity shall be deemed a chargeable overtime opportunity. Clearly, the penalty for refusing to work overtime causes an employee to forfeit his turn on the list, but it cannot, as respondent claims, afford a basis for a disciplinary charge. Accordingly, we reject respondent's contention that section H of article XVI does not concern itself with the right of respondent to assign overtime but merely establishes the order in which overtime will be offered. Having determined that petitioner's refusal to accept additional overtime work cannot be a predicate for disciplinary action, we do not reach the issue of whether respondent's determination is supported by substantial evidence. Determination annulled, and petition granted, with costs, and respondent is directed to reimburse petitioner for two days of lost pay. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Weiss, JJ., concur.