■ In the Matter of NEW YORK PUBLIC INTEREST RESEARCH GROUP, INC., et al., Appellants, v NEW YORK STATE THRUWAY AUTHORITY et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered July 27, 1988 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Thruway Authority raising tolls on the Thruway.

Respondent New York State Thruway Authority (hereinafter the Authority), in accordance with its statutory grant, determined that an increase in the amount of the tolls on the Thruway was warranted *(see,* Public Authorities Law § 354 [8]). Pursuant to Public Authorities Law § 2804 (1) and (2),* the Authority submitted appropriate information about the proposal to respondent Comptroller for review and a public report. The Comptroller refused to examine the proposal, indicating that under *Patterson v Carey* (41 NY2d 714) any proposed toll increase by a public corporation such as the Authority *(see,* Public Authorities Law § 352 [1]) was not dependent upon Comptroller review and report. To ensure some independent review, the Authority retained a private auditor which concluded that the Authority's projections were reasonable. Following required public hearings, at which there

---

* Public Authorities Law § 2804 was formerly section 2504 *(see,* L 1983, ch 838, § 3). We shall refer only to the current enumeration.

was no Comptroller's report available for the public *(see,* Public Authorities Law § 2804 [3]), the Authority adopted the proposed toll increases effective April 17, 1988.

Petitioners commenced this CPLR article 78 proceeding to challenge the Authority's action. They alleged that the toll increase is null and void as illegal because it was adopted without the Comptroller's participation as required by Public Authorities Law § 2804 (2) and (3). Respondents answered, asserting affirmative defenses that the statute was unconstitutional under *Patterson v Carey (supra)* and that the Authority had substantially complied with the audit and publication requirements. Supreme Court concluded that there was substantial compliance with the statute and dismissed the petition. This appeal followed.

Petitioners argue that the Comptroller's failure to review the proposed toll increase and publicize his findings invalidates the Authority's action because the statutory requirements of Public Authorities Law § 2804 were not followed. Respondents counter that the Legislature has no authority to mandate that the Comptroller act in any particular manner vis-à-vis public corporations such as the Authority, citing *Patterson v Carey (supra).* In *Patterson,* the Court of Appeals invalidated an analogous statutory requirement as unconstitutionally infringing upon the Comptroller's constitutional discretion to monitor the accounts of public corporations *(supra,* at 723-725). This holding makes clear that Public Authorities Law § 2804 (2) and (3) unconstitutionally mandates that the Comptroller perform certain acts with regard to a proposed toll increase by a public corporation. The Comptroller's refusal to perform these acts in this case was permissible and does not undermine the legality of the toll increase. Accordingly, the petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.