OPINION OF THE COURT
Joan B. Lefkowitz, J.
Motion is denied and cross motion granted. Subdivision (9-a) of section 9 of the Court of Claims Act applies only when an action is pending in the Court of Claims, which is not the case here. Section 361-b of the Public Authorities Law applies to actions for tortious wrongs or breach of contract, as well as equity actions. (Benz v New York State Thruway Auth., 9 NY2d 486 [1961], cert dismissed 369 US 147.) Declaratory judgment actions do not fall within any of the aforementioned classifications.
While there is some question as to the propriety of allowing a declaratory judgment action against the State to proceed in the Supreme Court (Niagara Falls Power Co. v White, 292 *495 NY 472 [1944]) the better rule appears to be that such actions should be allowed where, as here, no monetary judgment against the State is sought, it may have an interest in the proceeding and other remedies are not readily available. (Cass v State of New York, 58 NY2d 460 [1983]; State Div. of Human Rights v New York State Dept. of Correctional Servs., 90 AD2d 51, 64 [2d Dept 1982]; Matter of Saunders v State of New York, 129 Misc 2d 45, 48-49 [Sup Ct, Nassau County 1985]; Town of Ohio v People, 264 App Div 220, 222 [4th Dept 1942]; 24 Carmody-Wait 2d, Declaratory Judgments § 147:29; 3 Weinstein-Korn-Miller, NY Civ Prac ]f 3001.22.)
Counsel are advised that it is improper to present legal citations and arguments in affidavits.