■ In the Matter of VINCENT GRAMUGLIA et al., Respondents, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. [611 NYS2d 340] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Best, J.), entered December 21, 1992 in Montgomery County, which, *inter alia,* granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent denying petitioners' request for an on-premises sign permit.

Petitioners submitted an application dated September 6, 1991 for a permit to erect a Citgo sign on top of a bulk oil storage tank located within 100 feet of the Thruway right-of-way in the Village of Fultonville, Montgomery County. In the

past the tank had been used to store bulk oil but such use had been discontinued. Petitioner Vincent Gramuglia claimed that petitioners intended to use the tank as a warehouse to store individual cans of Citgo products. In response to respondent's request seeking further documentation regarding the use of the facility, Gramuglia forwarded to respondent a letter from the State Department of Environmental Conservation (hereinafter DEC) indicating that the proposed warehouse was exempt from DEC regulations, portions of a contract between Citgo and petitioners, a copy of a certificate of insurance, a certificate of occupancy showing approval for a tank and certain photographs of the facility. Respondent considered the application, supporting documentation, the results of an on-site investigation by its staff investigator, and a newspaper article. The newspaper article reported Gramuglia saying that he had found a loophole to respondent's regulations and the statute prohibiting advertising devices within 660 feet of the nearest edge of the Thruway right-of-way without a permit because the device displays a message pertaining to a business or service conducted or provided on the property on which the device is located (see, Public Authorities Law § 361-a [1], [7] [a] [2]; 21 NYCRR 105.2 [b]; 105.3).

Based on the foregoing, respondent concluded that the use of the oil tank would be " 'in connection with the display' of the proposed Citgo sign, rather than as a 'warehouse' ", and therefore would be "an illegal advertising device". Respondent found that the tank facility could not and was not being used as a bona fide warehouse. The instant proceeding to annul respondent's determination and action for a declaration that petitioner was operating a bona fide warehouse ensued. Following respondent's answer, petitioners requested a jury trial pursuant to CPLR 7804 (h). Supreme Court found that issues of fact existed and held a jury trial, over objection, on the issue of whether a bona fide warehouse existed. The jury found that petitioner was operating a bona fide warehouse. Supreme Court then found that the denial of the permit was arbitrary and capricious, and directed that the permit be issued. Respondent now appeals.

Supreme Court erred in ruling that respondent's determination was arbitrary and capricious. Consequently, the judgment should be reversed, the determination confirmed and a declaration made in favor of respondent.

The evidence before respondent permitted it to rationally conclude that the oil tank was not accessible by forklift so that the potential maximum of 10,000 cases of oil product that

petitioners suggested would be stored there would not occur. Photographs of the warehouse showed that only a few cases of oil were on the premises and Gramuglia's statement that he planned to store from one to 10,000 cases of motor oil in the facility, along with his newspaper statement that he had "found a loophole" in the law, supported the conclusion that the tank was not a bona fide warehouse. The facility had no loading ramp and only one small door, making delivery to and shipment from the premises impractical. Further, the contract documentation submitted to respondent was fragmentary and vague. The certificate of occupancy and the insurance certificate were inconclusive on the question of the extent of the use of the bulk oil tank as a warehouse. The information before respondent demonstrates that respondent's determination has a rational basis.

Furthermore, respondent's contention that Supreme Court erred in holding a jury trial to resolve the issue of whether the bulk oil tank was a bona fide oil warehouse operation is meritorious. It was possible to ascertain from the papers submitted to respondent alone that respondent's determination was rational and, therefore, a trial was improper (see, Matter of Ames v Johnston, 169 AD2d 84, 86). Additionally, as there was "no dispute as to any of the factors upon which the denial of [the application for a permit] was based", no trial was required (Matter of Victory v Coughlin, 165 AD2d 402, 405; see, Matter of Major v Cohen, 126 AD2d 205, 210). Supreme Court should not have rejected the determination of respondent and substituted its own determination of the facts for that of respondent.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and it is declared that petitioners were not operating a bona fide warehouse.