OPINION OF THE COURT
William E. Sherwood, J.
This is a proceeding pursuant to CPLR article 78 to review a determination by respondents, dated July 8, 1993, which terminated petitioner’s towing authorization. This petition is granted; determination annulled and the matter is remanded to respondent for a new determination, without costs or disbursements.
Petitioner had an authorization to tow on the New York State Thruway from March 1, 1992 until March 1, 1993. Its authorization was terminated on July 7, 1993, effective July 14, 1993.* The authorization was terminated for cause.
Petitioner commenced this proceeding pursuant to CPLR article 78 seeking judicial review of the determination, alleging, inter alla, that the determination was made in violation of due process, claiming that a hearing should have been held before its authorization was terminated.
The court has asked the parties to brief the issue of whether respondent is subject to the State Administrative Procedure Act since there is no reason to reach a constitutional issue if *112 an adjudication may be made on a statutory ground. Counsel for the parties have submitted memoranda of law on that issue and respondent has raised a defense for the first time that this court lacks subject matter jurisdiction over the controversy.
Respondent claims that the court lacks jurisdiction by virtue of section 361-b of the Public Authorities Law which provides: "Exclusive jurisdiction is hereby conferred upon the court of claims to hear and determine the claims of any person against the [New York State Thruway] authority (a) for its tortious acts and those of its agents, and (b) for breach of a contract relating to construction, reconstruction, improvement, maintenance or operation, in the same manner and to the extent provided by and subject to the provisions of the court of claims act with respect to the claims against the state, and to make awards and render judgments therefor. All awards and judgments arising from such claims shall be paid out of moneys of the authority.”
In Benz v New York State Thruway Auth. (9 NY2d 486), the Court of Appeals, by a 4-3 vote, construed the statute as forbidding an action in equity against the Authority in the Supreme Court. Chief Judge Desmond reasoned that the statute constituted the only waiver of sovereign immunity with respect to the Authority, and that unless the action was stated in tort or for breach of contract, as described in the statute, no other suit against the Authority could be brought. He stated that the action in equity could not be maintained in any court. Judge Van Voorhis, dissenting (9 NY2d, supra, at 490-493), stated that section 8 of the Court of Claims Act, whereby the State of New York waived sovereign immunity generally, applied to the New York State Thruway Authority, and that section 361-b of the Public Authorities Law operated only to give jurisdiction of certain stated lawsuits to the Court of Claims. Therefore, Judge Van Voorhis stated, actions outside the scope of that section of the Public Authorities Law could be brought in the Supreme Court against the Authority.
The United States Supreme Court granted certiorari to determine whether New York could assert sovereign immunity in such a manner consistent with the Fourteenth Amendment. Upon plenary review, the Court dismissed the writ (Benz v New York State Thruway Auth., 369 US 147) as improvidently granted, stating, "plenary consideration has satisfied us that the New York Court of Appeals decided no more than that this suit could not be maintained in the Supreme Court of the State of New York because exclusive jurisdiction over litigation of *113 this character had been vested in the New York Court of Claims” (supra) and, therefore, no Federal question was involved.
Respondent relies on Benz (supra) and argues that this article 78 proceeding may not be brought against the Authority because the Authority has not waived sovereign immunity. However, it appears whatever vitality Benz enjoys is limited to the gloss upon it by the United States Supreme Court (see, Matter of Lakeland Water Dist. v Onondaga County Water Dist., 24 NY2d 400; Planet Ins. Co. v Gunther, 152 Misc 2d 494) and the broad language in the Court of Appeals opinion which respondent invokes must be deemed mere dicta. Certainly, a CPLR article 78 proceeding is not an equitable action since a writ of certiorari, the predecessor to the CPLR article 78 proceeding, was not equitable in nature (see, Burrell v City of New York, 222 NY 513, affg 164 App Div 245). Jurisdiction over CPLR article 78 proceedings is given exclusively to the Supreme Court (CPLR 7804 [b]). Moreover, decisions in many article 78 proceedings involving the Authority are reported and it does not appear that the Authority asserted sovereign immunity or even questioned the subject matter jurisdiction of the Supreme Court (see, Matter of New York State Ch., Associated Gen. Contrs. v New York State Thruway Auth., 207 AD2d 26; Matter of Corbett v New York State Thruway Auth., 204 AD2d 542; Matter of Gramuglia v New York State Thruway Auth., 203 AD2d 849; Matter of New York Pub. Interest Research Group v New York State Thruway Auth., 155 AD2d 861; Matter of Kieffer v New York State Thruway Auth., 135 AD2d 1017; New York State Thruway Auth. v Dufel, 129 AD2d 44; Matter of Gisbert v New York State Thruway Auth., 115 AD2d 934; Matter of Ferreri v New York State Thruway Auth., 99 AD2d 606; Matter of Bodnar v New York State Thruway Auth., 52 AD2d 345). Therefore, respondent’s attempt to revive the broad language in Benz fails and the subject matter jurisdiction defense, albeit raised in the memoranda of law, is dismissed.
Turning then to the merits, the court finds that the New York State Thruway Authority is subject to the State Administrative Procedure Act, that the revocation of petitioner’s towing authorization was done in a manner inconsistent with the procedural safeguards of that statute, and remits this matter to respondent for a new determination.
An agency, under the State Administrative Procedure Act, is defined in State Administrative Procedure Act § 102 (1) as *114 "any department, board, bureau, commission, division, office, council, committee or officer of the state, or a public benefit corporation or public authority at least one of whose members is appointed by the governor” (emphasis added) and states certain exceptions, none of which is applicable here.
Public Authorities Law § 352 (1) states in relevant part: "A board to be known as 'New York state thruway authority’ is hereby created. Such board shall be a body corporate and politic constituting a public corporation. It shall consist of three members appointed by the governor by and with the advice and consent of the senate.”
The New York State Thruway Authority meets the definition of an "agency” as defined in the State Administrative Procedure Act.
The State Administrative Procedure Act defines a license as "the whole or part of any agency permit, certificate, approval, registration, charter, or similar form of permission required by law” (State Administrative Procedure Act § 102 [4]).
21 NYCRR part 104 sets forth the regulations of the New York State Thruway Authority with respect to abandoned vehicles. Section 104.3 provides: "Removal of abandoned vehicles. Any abandoned vehicle shall be removed from the right-of-way by an authorized garage or other agency designated by the Thruway Authority.” Section 104.1 (b) defines an "Authorized garage” as "[a]n independent off-Thruway garage that is assigned the towing, winching and repair responsibility on a given section of the Thruway system, having in its possession a duly executed letter of authorization issued by the Thruway Authority”.
Clearly, the letter of authorization qualifies as a "license” under the State Administrative Procedure Act. It is a "permission required by law”; without it, a garage may not tow on the Thruway system.
Having concluded that the Authority is subject to the State Administrative Procedure Act and that the letter of authorization is a license, the court must decide whether respondent followed the procedures required by the State Administrative Procedure Act in revoking petitioner’s authorization.
Articles 3 and 4 of the State Administrative Procedure Act provide certain procedural safeguards when an adjudicatory hearing is required by law. Reasonable notice must be provided (State Administrative Procedure Act § 301), the parties must be given an opportunity to present evidence and *115 written argument on issues of law (id,.). When the hearing concerns revocation of a license, either party is entitled to prehearing disclosure (State Administrative Procedure Act § 401 [4]). No hearing was conducted in this case at all.
The court rejects respondent’s contention that petitioner did not have a sufficient property interest in the letter of authorization to require a due process hearing. It is belied by the fact that respondent apparently has an adjudicatory procedure in such cases whereby written submissions may be made at the initial determination level and on administrative level and appeal, albeit not formally adopted by any regulation. What was said in Matter of Hecht v Monaghan (307 NY 461) is applicable here: "An examination of the record in this case indicates that whatever claim may now be made that petitioner was not entitled to a hearing before the license was revoked, despite the fact that a property right of petitioner was involved, that idea did not guide the functioning of the bureau involved” (307 NY, supra, at 469).
Respondent’s characterization of the letter of authorization as a mere contract between the parties is misplaced. As petitioner points out, petitioner provided no direct service to respondent, nor was petitioner paid by respondent. Rather, petitioner had permission to tow vehicles on the Thruway and was paid by the parties owning those vehicles. The letter of authorization was a license and could not be revoked without a due process hearing following the statutory procedure.
Accordingly, this matter is remitted to respondent for a new determination in accordance with this decision.

 The license was apparently deemed renewed pending resolution of the revocation procedure.